UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAMILTON,<br><br>    Plaintiff,<br><br>    v.<br><br>M. SON,<br><br>    Defendant. | No. 2:19-cv-02210-DAD-AC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 33, 42) |

    Plaintiff David Hamilton is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On March 29, 2023, the assigned magistrate judge issued findings and recommendations, recommending that defendant's motion for summary judgment (Doc. No. 33) be granted. (Doc. No. 42.) Specifically, the magistrate judge recommended that defendant should be granted summary judgment with respect to plaintiff's claim that defendant Son exhibited deliberate indifference to his serious medical needs by discontinuing his pain medication without prescribing a substitute medication. (*Id.*) The findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days of service. (*Id.* at 14.) Plaintiff filed timely objections to the findings and

/////

1   recommendations. (Doc. No. 43.) Thereafter, defendant filed a response to plaintiff's objections.
2   (Doc. No. 44.)

3      Plaintiff's objections are somewhat wide-ranging and difficult to decipher. In part,
4   plaintiff objects to the recommendation that defendant's motion for summary judgment be
5   granted, contending that he should have been provided notice of the deficiencies in his complaint
6   and granted leave to amend to cure those deficiencies. (Doc. No. 43 at 1, 3.) This objection has
7   no merit because it is based upon a lack of appreciation of the differences between a motion to
8   dismiss and a motion for summary judgment. When the non-moving party bears the burden of
9   proof at trial, "the moving party need only prove that there is an absence of evidence to support
10  the non-moving party's case." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)
11  (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also* Fed. R. Civ. P. 56(c)(1)(B).
12  Indeed, after adequate time for discovery and upon motion, summary judgment should be entered
13  against a party who fails to make a showing sufficient to establish the existence of an element
14  essential to that party's case, and on which that party will bear the burden of proof at trial. *See*
15  *Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the
16  nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. In such a
17  circumstance, summary judgment should be granted, "so long as whatever is before the district
18  court demonstrates that the standard for the entry of summary judgment . . . is satisfied." *Id.* at
19  323. Such is the case here.

20      Next, plaintiff appears to object at some length to the findings and recommendations on
21  the grounds that defendant Son was deliberately indifferent to his serious medical need for opioid
22  addiction treatment. (Doc. No. 43 at 2) ("Defendant Son knew and disregarded the potential
23  excessive risk of withdrawal."). However, as the findings and recommendations point out,
24  plaintiff's only claim as presented in the operative complaint is for constitutionally deficient
25  medical care based upon defendant's alleged failure to treat plaintiff's chronic pain and to provide
26  him substitute pain medication after discontinuing the Tylenol with codeine prescription he had
27  been receiving. (Doc. No. 42 at 9.) As the magistrate judge correctly found, plaintiff cannot
28  /////

1  assert a new and different medical care claim at this late stage of the litigation in response to
2  defendant's motion for summary judgment.
3       Plaintiff also argues that the April 16, 2021 screening order concluding that he had stated
4  a cognizable Eighth Amendment claim against the defendant is somehow inconsistent, or in
5  conflict with, the pending findings and recommendations recommending that defendant be
6  granted summary judgment as to that claim. (Doc. No. 43 at 3) (referring to the 2021 order and
7  the pending findings and recommendations as a "split finding").  Again, plaintiff's objection in
8  this regard reflects a misapprehension of the role of summary judgment in civil litigation.  The
9  remainder of plaintiffs objections are vague, conclusory, and unpersuasive.  In short, none of
10 plaintiff's objections call into question the analysis set forth in the findings and recommendation
11 or provide any basis for their rejection.
12      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
13 court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file,
14 including plaintiff's objections, the court finds the findings and recommendations to be supported
15 by the record and proper analysis.
16      Accordingly,
17      1.    The findings and recommendations issued on March 29, 2023 (Doc. No. 42) are
18           adopted in full;
19      2.    Defendant's motion for summary judgment (Doc. No. 33) is granted; and
20      3.    The Clerk of the Court is directed to enter judgment in favor of defendant and
21           close this case.
22      IT IS SO ORDERED.
23 Dated: **July 28, 2023**
24                                                             UNITED STATES DISTRICT JUDGE