UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAMILTON,<br><br>        Plaintiff,<br><br>    v.<br><br>M. SON,<br><br>        Defendant. | No. 2:19-cv-02210-DAD-AC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 48) |

      Plaintiff David Hamilton is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On July 28, 2023, the undersigned issued an order adopting the assigned magistrate judge's findings and recommendations (Doc. No. 42) and granting defendant's motion for summary judgment (Doc. No. 33). (Doc. No. 45.) Judgment was entered in favor of defendant on July 31, 2023. (Doc. No. 46.) On August 23, 2023, plaintiff filed the pending motion for reconsideration of the court's July 28, 2023 order. (Doc. No. 48.) On September 19, 2023, defendant filed an opposition to plaintiff's pending motion. (Doc. No. 49.)

      Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

1

evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

   Here, plaintiff's motion does not identify any basis under Rule 60(b) upon which this court should reconsider its order.  Rather, in his motion, plaintiff merely asserts in conclusory fashion that the court has made a "clear error of law" and "needs to correct the clear error."  (Doc. No. 48 at 1–2.)  However, as defendant points out in opposition, plaintiff's "motion is supported by conclusory arguments without citation to any evidence in the record, newly-discovered or otherwise, case law demonstrating the existence of a clear legal error, or a change in the law."  (Doc. No. 49.)  Indeed, plaintiff has not articulated any basis for the court to reconsider its July 28, 2023 order.

   Accordingly,

   1.   Plaintiff's motion for reconsideration (Doc. No. 48) is denied; and

   2.   This case is referred back to the assigned magistrate judge for further proceedings.

   IT IS SO ORDERED.

Dated:   **October 13, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2