UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HAMILTON,<br><br>  Plaintiff,<br><br>  v.<br><br>M. SON,<br><br>  Defendant. | No.  2:19-cv-02210-DAD-AC (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT INCLUDING COURT IMPOSED COSTS<br><br>(Doc. No. 56) |

     Plaintiff David Hamilton is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     On July 28, 2023, the undersigned issued an order adopting the assigned magistrate judge's findings and recommendations (Doc. No. 42) and granting defendant's motion for summary judgment as to plaintiff's claim of alleged medical deliberate indifference (Doc. No. 33).  (Doc. No. 45.)  Judgment was entered in favor of defendant on July 31, 2023.  (Doc. No. 46.)  On August 23, 2023, plaintiff filed a motion for reconsideration of the court's July 28, 2023 order.  (Doc. No. 48.)  On October 16, 2023, the court denied plaintiff's motion for reconsideration.  (Doc. No. 50.)

/////

1

On April 22, 2024, plaintiff filed a motion for modification of his sentence and to vacate a judgment of court-imposed costs with respect to his underlying criminal conviction in state court. (Doc. No. 56.) Although somewhat difficult to decipher, it appears that in his pending motion plaintiff seeks an order from this federal court vacating all costs, fines and restitution imposed as part of the criminal case judgment entered against him in state court pursuant to California Penal Code § 1465.9.  (*Id*. at 1–5.)[1]

On May 14, 2024, defendant filed an opposition to plaintiff's motion.  (Doc. No. 57.) Therein, defendant argues that plaintiff's motion seeking a modification or vacating of his state court-imposed criminal sentence cannot be brought in this closed civil rights action in which plaintiff had brought a claim against the named defendant for deliberate indifference to plaintiff's serious medical needs.  The court agrees.  If plaintiff wishes to pursue his challenge to costs, fines and restitution imposed as part of his judgment of conviction in state court he must filed a new and separate action raising that claim.

Accordingly,

1. Plaintiff's motion for a modification of his sentence to vacate judgment of court-imposed costs including fines and restitution (Doc. No. 56) is denied; and
2. This case shall remain closed.

IT IS SO ORDERED.

Dated:  **February 25, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1] The court does note that on October 26, 2023, the Clerk of the Court in this civil action taxed costs against plaintiff in the amount of $1,132.30 following entry of summary judgment in favor of defendant.  (*See* Doc. No. 51.)  In the event it is this bill of costs that plaintiff seeks to challenge by his pending motion, his request is both untimely and lacks merit.  Plaintiff has provided no basis upon which the bill of costs which was included into this court's judgment in this case should be reconsidered or modified.